IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVEVON HENDERSON                                                                                     PLAINTIFF

v.                                          Civil No. 4:23-cv-04078

ATLANTIC TRACK AND RUNWAY
SERVICES, LLC, RICK SWOPE, AND
JOHN DUNN                                                                                            DEFENDANTS

## ORDER

Before the Court is Separate Defendant Atlantic Track and Runway Services' ("ATRS") Motion to Compel and Request for Sanctions. ECF No. 45. This Motion was filed on June 6, 2024. Plaintiff Henderson has not responded to the Motion and the time to do so has passed. The Motion has been referred to the undersigned and is now ripe for consideration.

On March 26, 2024, ATRS propounded its first set of discovery requests to Plaintiff. The requests included 20 Interrogatories, 15 Requests for Production of Documents, and 25 Requests for Admission. Responses to these requests were due on or before April 25, 2024. ECF No. 46, p. 2. On April 25, 2024, Plaintiff's counsel requested a two-week extension of time to provide responses to the discovery. Before counsel for ATRS could respond to this request for an extension, Plaintiff's counsel forwarded responses to ATRS's discovery requests. *Id.*

ATRS argues the responses to all their discovery requests were "woefully deficient" containing mostly boilerplate objections and objections which have no legal basis under the Federal Rules of Civil Procedure. ECF No. 46, p. 3. According to ATRS, during its attempts to confer, Plaintiff's counsel offered more baseless objections and delay tactics. *Id.* On May 24, 2024, counsel for Plaintiff sent documents identified as "Plaintiff's First Amended Objections and Response to Defendant's RFA's, RFP, and Ints, and a proposed medical authorization." ECF No.

1

46, p. 9. On May 30, 2024, counsel for Plaintiff informed ATRS that "we have been unable to contact or communicate with Plaintiff Henderson for a period of months". ECF No. 46-1, p. 3. ATRS argues sanctions should be imposed against counsel for Plaintiff because they have "abused the judicial system, engaged in deceptive behavior, and stall[ed] this matter for weeks". ECF No. 46, p. 10.

Based on the Motion to Compel and for Sanctions (ECF No. 45), the Memorandum of Law and accompanying exhibits in support of the Motion (ECF No. 46), and the fact Plaintiff has not filed any response to the Motion, the Court:

1. **GRANTS** Defendant ATRS's Motion to Compel (ECF No. 45) with respect to all discovery requests submitted to Plaintiff. Plaintiff is **ORDERED** to fully respond to all the discovery requests at issue **on or before July 21, 2024**, which is the deadline for discovery in this case; and

2. **DENIES** ATRS's Motion for Sanctions. However, Plaintiff is warned that sanctions will be ordered if Plaintiff fails to timely and fully respond to all discovery requests as ordered herein.

**ENTERED this 10th day of July 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE