IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVEVON HENDERSON                                                                                              PLAINTIFF

v.                                           Case No. 4:23-cv-04078

ATLANTIC TRACK AND RUNWAY
SERVICES, LLC, RICK SWOPE, &
JOHN DUNN                                                                                                      DEFENDANTS

## **ORDER**

Before the Court is Plaintiff's Opposed Motion for Extension of Discovery Deadline. ECF No. 49.  The Court finds the matter ripe for consideration.

On August 18, 2023, Plaintiff filed his Complaint.  ECF No. 2.  On March 26, 2024, Defendant Atlantic Track and Runway Services, LLC (Defendant "ATRS") propounded its first set of discovery requests to Plaintiff.  The requests included 20 Interrogatories, 15 Requests for Production of Documents, and 25 Requests for Admission. Responses to these requests were due on or before April 25, 2024.  ECF No. 46, p. 2.  On April 25, 2024, Plaintiff's counsel requested a two-week extension of time to provide responses to the discovery.  Before counsel for Defendant ATRS could respond to this request for an extension, Plaintiff's counsel forwarded responses to Defendant ATRS's discovery requests.  *Id.*

On May 24, 2024, counsel for Plaintiff sent documents identified as Plaintiff's Objections and Responses to Defendant ATR's First set of Interrogatories and Requests for Production.  ECF No. 46, p. 9; ECF No. 45-3.  On May 30, 2024, counsel for Plaintiff informed ATRS that "we have been unable to contact or communicate with Plaintiff Henderson for a period of months." ECF No. 46-1, p. 3.

On June 6, 2024, Defendant ATRS filed a Moton to Compel and Request for Sanctions (ECF No. 45) arguing that Plaintiff's responses to all their discovery requests were "woefully deficient" containing mostly boilerplate objections and objections which have no legal basis under the Federal Rules of Civil Procedure. ECF No. 46, p. 3. Defendant ATRS further argued that sanctions should be imposed against counsel for Plaintiff because they have "abused the judicial system, engaged in deceptive behavior, and stall[ed] this matter for weeks." ECF No. 46, p. 10.

On July 7, 2024, the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, issued an Order denying Defendant ATRS's request for sanctions, but granting its request to compel discovery with respect to all discovery requests submitted to Plaintiff. ECF No. 48. Judge Bryant further ordered Plaintiff to fully respond to all discovery requests at issue on or before July 21, 2024, which is the deadline for discovery in the instant action. *Id.*

On July 19, 2024, Plaintiff filed the instant motion seeking an extension of the discovery deadline. ECF No. 49. Plaintiff states that he finally responded to his counsel on June 18, 2024, and offered the following reason for failing to engage in discovery:

> due to the "stress of this case, my daughter passing (May 2023), and having to move (approximately four residential moves across three states since being stabbed), took a toll on me" and that he had engaged in a voluntary program that required his participation and presence for 6 months. [Plaintiff] was in the rehab program for six months and was not available to participate in discovery.

*Id.* at 2. For this reason, Plaintiff requests a 120-day extension of the discovery deadline.

Upon consideration, the Court **ORDERS** that Plaintiff must provide the Court with proof of his participation in a rehabilitation program for the past 6 months. Plaintiff must provide this evidence to the Court **on or before July 26, 2024**, at which time the Court will make a

determination if Plaintiff has shown good cause to warrant an extension of the discovery deadline.

**IT IS SO ORDERED**, this 19th day of July, 2024.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge