**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

**DAVEVON HENDERSON**                                                    **PLAINTIFF**

**v.**                                   **Case No. 4:23-cv-04078-SOH**

**ATLANTIC TRACK AND RUNWAY**
**SERVICES, LLC, RICK SWOPE,**
**AND JOHN DUNN**                                                        **DEFENDANTS**

**ATRS's MEMORANDUM OF LAW IN SUPPORT OF ITS RENEWED**
**MOTION FOR SANCTIONS AND OPPOSITION TO PLAINTIFF'S MOTION**
**FOR EXTENSION OF TIME TO CONDUCT DISCOVERY**

Defendant, Atlantic Track and Runway Services, through its counsel, Friday,

Eldredge & Clark, LLP, submits this Response in opposition to Plaintiff' motion for

extension of the discovery deadline, and, pursuant to Fed. R. Civ. P. 26(g) and 37, the

following renewed Memorandum of Law in Support of its Motion for Sanctions:

## A. INTRODUCTION

1.      Unbeknownst to Defendants, Mr. Henderson has allegedly relocated to

Florida. He also allegedly participated in a volunteer six-month residential program.

He resurfaced, according to his attorneys, on June 18, 2024. Nevertheless, plaintiff's

counsel never informed the Court or counsel for Defendant's that they lost and then

later located Plaintiff.

2.      This information was crucial as Defendant ATRS was actively engaging

in the discovery process and attempting to progress this case in accordance with the

FEC\13217.1555\11066714.v1

Court's final scheduling order. But with a missing Plaintiff, Defendant's efforts to conduct discovery were hindered.[1]

3.      After many good faith attempts to confer with Plaintiff's counsel, on June 6, 2024, ATRS filed a Motion to Compel Discovery and Motion for Sanctions, pursuant to Federal Rule of Civil Procedure 26(g) and 37. The motion described with specificity many actions attributed to Plaintiff/Plaintiff's counsel, which delayed and hampered discovery in this case—including submitting discovery responses for a Plaintiff they had no contact with for months.

4.      Plaintiff did not respond to the motion to compel, even though his counsel had been in contact with Henderson on June 18, 2024. Notwithstanding Plaintiff's lack of response, this Court permitted Plaintiff an opportunity to correct his deficient discovery responses by the discovery deadline, July 21, 2024.

5.      The Court's order, entered on July 10, 2024, specifically granted Defendant's Motion to Compel, ordering Plaintiff to fully respond to Defendant's pending discovery, which included "all discovery requests submitted to Plaintiff." (DE 48)

6.      Plaintiff was specifically ordered to produce the missing discovery "**on or before July 21, 2024.**"(Bold Emphasis in Original)

---

[1] Plaintiff points out that "pursuit of discovery has been largely precluded if not rendered potentially pointless or a least a potential waste of the parties' time and resources." (DE 49, Para. 6) Plaintiff's own words sum up the reason this Court should grant the motion for sanctions and dismiss this case. Plaintiff and his counsel's conduct and counsel's refusal to acknowledge Plaintiff's absence wasted the Defendant's time and resources to the point that Plaintiff believes the discovery he submitted is "pointless." It is certainly incomplete and non-compliant with the Court's orders.

FEC\13217.1555\11066714.v1

7. While the court denied ATRS's Motion for Sanctions, it reserved ruling on the issue should Plaintiff fail to comply with the court's order. (DE 48)

8. Plaintiff failed to comply with the Court's order.

9. For the reasons articulated herein, Defendant ATRS respectfully requests sanctions be ordered as outlined in its initial Motion for Sanctions filed as Docket Entry 45 &46. ATRS also incorporates, pursuant to Federal Rule of Civil Procedure 10(c) Docket Entry 45, 46, and all supporting exhibits.

**B. Plaintiff's Discovery Responses are Untimely and Incomplete, which violates the Court's July 10, 2024 Order**

10. First, Plaintiff failed to comply with the Court's order, requiring the Plaintiff to submit discovery responses **on or before July 21, 2024.**

11. Following entry of the court's order, Plaintiff submitted more deficient discovery responses, on July 12, 2024—some lacking complete sentences, others relying again on baseless or unsupported objections. (Ex. A) For example, Plaintiff raises privileges, but refused to provide a privilege log.

12. Importantly, the parties held a discovery conferral teleconference to address the pending discovery; plaintiff's request for an extension of time, Plaintiff's deposition, and the Court's order on the Motion to Compel. During that conference, the undersigned inquired whether Plaintiff intended to produce discovery as ordered by the court, by July 21, 2024. Plaintiff's counsel was unsure, at that time.

13. Plaintiff did not produce discovery on July 21, 2024.

14. Near close of business July 22, 2024, Plaintiff produced even more deficient responses. (Ex. B) The final supplement includes a cover letter, Plaintiff's

Third Amended Objections and Responses to ATRS's First Set of Interrogatories and Request for Production of Documents, and a Declaration from Plaintiff Henderson. (Ex. B)

15.     Plaintiff, for example, would not identify potential witnesses and their expected testimony. For instance, he did not fully respond to several interrogatories' discreet subparts.

16.     Plaintiff did not provide supplemental responses to ATRS's Request for Admission.

17.     Plaintiff did not produce a privilege log, though he refuses to produce certain documents by asserting attorney client and work product privilege. (*See Request for Production of Documents 1, 2, 4 in Exhibit B)*

18.      Plaintiff refused to sign ATRS's HIPPA compliant release to access his medical records and also failed to produce complete medical records. Plaintiff alleges that he was physically injured and suffered emotional distress. For these allegations, he seeks money damages from Defendants. Yet, he is concealing his medical and mental health records. Though Plaintiff's response represents that he has signed some limited medical release. He has not provided it to Defendants at all, and certainly not by July 21, 2024.

19.     Curiously, Plaintiff identifies several medical professionals as potential witnesses or Expert Witnesses. However, Plaintiff failed to produce the requested Expert Reports or any documents related to identified experts.  Notably Plaintiff identified experts in initial disclosures. So, he has known for some time he intended

to call Expert Witnesses. Further, Defendant is  prejudiced by Plaintiff's antics because they cannot adequately prepare to depose any expert or medical/mental health professional without access to their reports, supporting documents, and Plaintiff's medical records.

20.     Therefore, because Plaintiff violated this Court's order, by failing to produce (1) Complete Responses to ATRS's Interrogatories, Request for Production of Documents and Request for Admission; (2) a Privilege Log; (3) a signed HIPPA compliant Medical Authorization or Complete Medical Records; (4) a signed Employment Authorization; and (5) Expert Reports **on or before July 21, 2024,** Sanctions are appropriate.

21.     Federal Rule of Civil Procedure 37(b)(2) authorizes sanctions for violation of a Court's Order, granting a Motion to Compel. Those sanctions include deeming certain facts as established; dismissing the case; and striking pleadings. Fed. R. Civ. P. 37(b)(2).

22.     Federal Rule of Civil Procedure 26(g)(3) requires sanctions in this matter.

23.     All parties must be given reasonable access to all evidence bearing on the controversy between them, including information in control of adverse parties. This requirement, however, "requires absolute honesty of each party in answering discovery requests and complying with discovery orders." *Wagner v. Dryvit Systems, Inc.*, 208 F.D.R. 606, 609 (D. Nebraska 2001). Accordingly, "[t]he parties have a duty to provide true, explicit, responsive, complete, and candid answers to discovery, and

FEC\13217.1555\11066714.v1

their attorneys have a continuing duty to advise their client of their duty to make honest, complete, non-evasive discovery disclosures, as well as the spectrum of sanctions they face for violating that duty." *Id.* at 609-610. Providing false or incomplete responses violates the Federal Rules of Civil Procedure and subjects the offending party and its counsel to sanctions. *Id.* at 610.

24.     Furthermore, the federal rules of civil procedure impose on parties and attorneys a duty to engage in the discovery process in a reasonable manner. *St. Paul Reinsurance*, 198 F.R.D. at 515. Federal Rule of Civil Procedure 26 mandates that a party's or attorney's signature constitutes a certification that to the best of the signor's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is: (a) Consistent with the federal rules; (b) not imposed for any improper purpose; and (c) not unreasonable, unduly burdensome, or expensive.

25.     To further assure compliance with the rules, all interrogatory responses must be signed under oath by the party. Fed. R. Civ. P. 33(a); *Wagner*, 208 F.D.R. at 610.

26.      If the court finds that a certification violates the federal rules, it may impose sanctions on the party, counsel, or both. *St. Paul Reinsurance,* 198 F.R.D. at 515. Sanctions are appropriate where a signor signs discovery that is incomplete, evasive, or objectively unreasonable under the circumstances. *Id.* (collecting cases awarding sanctions for improper use of objections).

27.

> The ability to conduct full, fair, and thorough discovery goes to the heart and soul of our civil justice system. "Rambo" style obstructionist discovery tactics like those employed here, if not stopped dead in their tracks by appropriate sanctions, have a virus like potential to corrupt the fairness of our civil justice system.

*St. Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 517 (N.D. Iowa 2000).

28.     Defendant respectfully request that the court stop Plaintiff's counsel dead in their tracks by imposing significant sanctions. Abuse of the discovery process is a serious matter. *St. Paul, supra.* And when the responses lack substantial justification, Rule 26(g) requires the court to impose an appropriate sanction. Therefore, Defendant requests the following Rule 37 and 26(g) sanctions[2]:

A.     Dismissal of Plaintiff's complaint, with prejudice and an award of fees and cost, for engaging in obstructive discovery and the necessary discovery related motions.

B.     Alternatively, a conditional dismissal of plaintiff's complaint, without prejudice, under these terms:

     i.  Plaintiff must pay all fees and cost associated with filing and refiling this action;

---

[2] Assuming arguendo that Plaintiff relies on Federal Rule of Civil Procedure 6 to assert that his discovery responses were not due until July 22, 2024, he is misguided. Federal Rule of Civil Procedure 6(a)(4) provides that, "**unless a different time is set by a statute, local rule or court order."** Similarly, Rule 6(a)(3) contains a similar caveat—"**unless the court orders otherwise."** And Rule 6(a) provides that it is to be used, unless the court has specified a method of computing. Two Orders set the deadline for July 21, 2024—the Final Scheduling Order and the Order Granting Defendant's Motion to Compel. Plaintiff failed to comply. So, his case should be dismissed.

ii.   Plaintiff must be responsible for all duplicative discovery and litigation costs, resulting from any subsequent filing of this action.

iii.   Waiver of all objections, including in future litigation, to ATRS First Set of Interrogatories, Request for Production of Documents, and Request for Admission, propounded in this matter;

iv.   Deem all Request for Admission, for which an evasive, false, or incomplete response was given admitted for the purposes of this litigation and any future litigation;

v.   ATRS's Attorney fees and cost for conducting discovery when Plaintiff's counsel was aware Plaintiff was missing, and all discovery related motions required due to Plaintiff's actions.

**C.   Plaintiff's request for extension of time to conduct discovery should be denied.**

29.   Should the court decline to dismiss this action, Plaintiff should not reap the benefit of an extension of time to complete discovery brought on by *Plaintiff's* conduct and misleading behavior.

30.   Plaintiff's failure to timely respond and to genuinely engage in discovery prejudiced the Defendants' ability to conduct additional discovery before the discovery cutoff.

31.   For example, had Plaintiff responded to Defendant's timely requests, Defendants would have had time to follow up with additional written discovery, if

necessary. Without signed releases, Defendant cannot obtain necessary medial records, though Plaintiff has identified medical providers as potential experts and intends to rely on his medical treatment to support damages. Without the employment authorizations, Defendant cannot explore Plaintiff's efforts at mitigating his damages, among other relevant information.

32.     Moreover, Plaintiff's voluntary participation in the six-month program did not stifle Plaintiff from conducting discovery on Defendants. Plaintiff simply failed to conduct discovery during the deadline. Nothing prevented Plaintiff's counsel from propounding discovery during the discovery period or exploring depositions for medical witnesses and experts. Plaintiff simply failed to conduct discovery during the discovery period.

33.     They could have communicated with Plaintiff by mail during his six-month program.

34.      Because Plaintiff's and/or his counsel's conduct is inexcusable and no good cause exists for granting Plaintiff an extension of time to conduct discovery, his motion should be denied.

35.     Conversely, Defendant request an order granting them permission to depose any of Plaintiff's experts, medical professions, treating physicians and medical providers, and any witness identified during the struggle discovery period.

FEC\13217.1555\11066714.v1

## CONCLUSION

The discovery deadline in this matter was July 21, 2024, and Plaintiff has not submitted timely and complete responses to ATRS's discovery. Accordingly, Defendant requests that this court grant its renewed Motion for Sanctions, deny Plaintiff's Motion for Extension of Time, and dismiss with prejudice Plaintiff's complaint in its entirety.

Respectfully submitted,

Kat Hodge  (Ark. Bar No. 2003100)
Friday Eldredge & Clark LLP
400 W. Capitol Ave, Suite 2000
Little Rock, AR  72201
Telephone:   501-370-3309
Facsimile:    501-537-2930
Email:              KHodge@FridayFirm.com

By:   _____

Kat Hodge
*Attorneys for Defendant, Atlantic Track*

FEC\13217.1555\11066714.v1