IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVEVON HENDERSON                                                                              PLAINTIFF

v.                                          Civil No. 4:23-cv-04078

ATLANTIC TRACK AND RUNWAY
SERVICES, LLC, RICK SWOPE, AND
JOHN DUNN                                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss Party filed by Rick Swope ("Swope"). ECF No. 27. The Motion was filed February 2, 2024. The Motion was referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(A) on August 5, 2024, and is ripe for consideration.

### I. BACKGROUND

Plaintiff filed his Complaint on August 18, 2023. ECF No. 2. The Complaint names Atlantic Track and Runway Services, LLC ("ATRS"), Swope, and John Dunn as Defendants. *Id*. ATRS was served on September 9, 2024, with its answer due on October 2, 2023. ECF No. 6. On September 27, 2024, ATRS filed an unopposed motion for extension of time to answer asking the Court to extend the deadline to file an answer until October 27, 2023. ECF No. 9. Two days later, the Court granted the motion for extension. ECF No. 10. On October 26, 2023, ATRS filed its Answer to the Complaint. ECF No. 11.

On November 13, 2023, Plaintiff filed a Notice of Readiness for Scheduling Conference. ECF No. 12. In this notice Plaintiff stated:

1. Pursuant to the standing Order of the Court, Plaintiff notifies the Court that the Defendant…ATR[S] has answered.
2. Plaintiff has requested last known contact information for the two individual defendants, Rick Swope and John Dunn, both either employees or former employees of ATR[S], and although ATR[S] stated that they would get back to the Plaintiff on whether they would accept service for the two individuals or

1

> provide the Plaintiff with their last known contact information, the Plaintiff has yet to hear back from ATR[S] on this matter.
> 3. As such, Plaintiff is ready for a scheduling conference to be set, but is unsure whether the individuals will be represented by the same counsel or separate counsel and therefore, is unsure if the Court would prefer to set a scheduling conference after the individuals have been served.

ECF No. 12, p. 1. That same day, Plaintiff also filed a Notice of Certificate of Interested Parties which included both Swope and John Dunn, the two parties who had not yet been served. ECF No. 13.

On December 5, 2023, the Court entered an Initial Scheduling Order setting various deadlines for the case including but not limited to the following: Rule 26(f) Conference – January 2, 2024; Joint Rule 26(f)Report Due Date – January 9, 2024; and Trial Date - November 18, 2024. ECF No. 20. In accordance with the Court's order, Plaintiff and ATRS filed a Joint Report of Rule 26(f) Planning Meeting on January 9, 2024. ECF No. 23. Paragraph 14 of this Report states:

> 14. Other: There are two individual defendants who have yet to be served; however the parties have conferred and the last known addresses of the individuals will be disclosed by Defendant …[ATRS] forthwith. Plaintiff does not anticipate any delay in the case resulting from the later service of the individual defendants and will proceed immediately with service as soon as the addresses are disclosed.

*Id.* at p. 3. The Court's docket indicates a summons was requested and issued for service on John Dunn on January 8, 2024 (ECF No. 22) and a summons was requested and issued for Swope on January 9, 2024. ECF No. 24, 25.

## II. INSTANT MOTION AND RESPONSE

Swope filed the instant Motion on February 2, 2024. ECF No. 27. He argues pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff was required to serve the complaint and summons on Swope within 90 days – i.e., on or before November 16, 2023. He goes on to state Plaintiff did not serve Swope until January 24, 2024 - over two months after the service deadline. Swope argues the Court should dismiss Swope from the lawsuit pursuant to Rules

12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure because absent timely service, the Court does not have jurisdiction over Swope. ECF No. 27, p. 1. In addition, he states Plaintiff is unable to demonstrate good cause or excusable neglect for the failure to timely serve Swope. *Id.*

Plaintiff filed a Response in opposition to the Motion on February 16, 2024. ECF No. 34. He asks the Court to deny the Motion because he, "in the spirit of professional courtesy and reducing costs for both plaintiff and defendants, reasonably relied on [ATRS's] professional representation that it would provide Henderson with Swope's last known address". ECF No. 34. In support of this argument, Plaintiff points to numerous requests to ATRS's counsel requesting the last known address beginning in September of 2023, and responses from ATRS which assured Plaintiff the address would be forthcoming. ECF Nos. 35-1, 35-2, 35-3, 35-4, 35-5, 35-6.

Plaintiff states once ATRS provided him with the address for Swope on January 9, 2024, he requested service that same day and service was executed on January 23, 2024. *Id.* at p. 1. Swope also states in the Response that he is willing to conduct a "new 26F Conference and consid[er] proposing to the Court new deadlines, should the Court determine that course of action to be in the best interest of the parties and Court's docket." *Id.* at p.2.

III. DISCUSSION

A defendant "must receive valid service of process for a district court to exercise personal jurisdiction." *Smith v. United States Postal Serv.,* Case No. 4:21-cv-00379-KGB, 2022 U.S. Dist. LEXIS 15744, *4-5 (Aug. 31, 2022). "When the service of process is contested by the defendant, the plaintiff has the burden to prove proper service." *Id.* Failure to timely serve a defendant may be excused under Rule 4(m) if the plaintiff shows good cause for the failure. *Williams v. Ark. Dep't of Hum. Servs.,* Case No. 2:22-CV-00141-LPR, 2023 U.S. Dist. LEXIS 168774, at *2 (E.D. Ark. Sep. 21, 2023) ("if the plaintiff shows good cause for the failure, the court must extend the

time for service for an appropriate period"). The court "must determine whether good cause exists for the failure to serve the defendant within the deadline, not whether good cause exists for an extension of time to complete service." *Id.* at *9.

The Eighth Circuit has explained that good cause is likely to be found when "(1) the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, (2) the defendant has evaded service of the process or engaged in misleading conduct, (3) the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or (4) the plaintiff is proceeding pro se or in forma pauperis." *Id.* at *9-10.

In this case, the Court finds Plaintiff has established good cause for his delay in serving Swope. First, the reason service on Swope was not made in a timely fashion was because of the delay in providing an address to serve Swope by a third party – i.e. Swope's employer ATRS. Second, the Court finds Plaintiff acted diligently in trying to effect service and there are understandable mitigating circumstances. ATRS was served on September 9, 2023. Plaintiff then agreed to extend the deadline for ATRS to answer the Complaint by 30 days. The emails exchanged between counsel for Plaintiff and ATRS reveal Plaintiff initially asked for the last known address for Swope on September 28, 2023. ECF No. 35-2, p.3. Counsel for Plaintiff specifically states, "I am following up on getting the last known addresses/phone numbers for the individual defendants. We need to get them served so we can get the case moving and notify the Court that we are ready for a Rule 26f conference. Thanks." *Id.* That same day, counsel for ATRS states in part, "Mike Moore" is representing ATRS, "he will be getting the information with respect to addresses you seek and he will follow up directly with you." *Id.* at p. 3. On November 29, 2023,

Plaintiff's counsel again asked ATRS for the addresses and phone numbers for the individual defendants. *Id.* at p. 2.

Email correspondence on January 5, 2024, documents a conference call earlier in the week between Plaintiff's counsel and counsel for ATRS wherein ATRS stated it would provide Plaintiff with the work schedule for Swope and "the next time that Swope will be in the office in Arkansas by today". ECF No. 35-4, p. 3. That same day counsel for ATRS tells Plaintiff's counsel, "We will email you Rick Swope's work schedule early next week". *Id.* at p. 2. ATRS sent Swope's home address to Plaintiff on January 9, 2024. The email states in part, "Rick Swope may be served at his home address…" ECF No. 35-5. That same day Plaintiff requested service on Swope. ECF No. 35-6.

Finally, the Court notes Plaintiff also notified the Court prior to the Rule 26(f) Conference that the two individual defendants had not yet been served and asked if perhaps the conference should be rescheduled to accommodate them after they were served. ECF No. 13. Plaintiff and ATRS also included a paragraph in their Joint 26(f) Report concerning the individual defendants who had not yet been served. ECF No. 23.

The Court is mindful that several months have passed since the instant Motion was ripe for consideration and the case has continued to progress with discovery ongoing between Plaintiff and ATRS. Currently pending is a Motion for Extension of Time to Complete Discovery filed by Plaintiff (ECF No. 49) and a Motion for Sanctions filed by ATRS. ECF No. 56. Even so, the Court believes Plaintiff established good cause for the delay in serving Swope and therefore, Swope's Motion to Dismiss should be denied.

**IV. CONLUSION**

Based on the foregoing, the Court recommends Swope's Motion to Dismiss (ECF No. 27) be **DENIED**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 20th day of August 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE